**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **E.P.S.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 4:26-cv-956-CDL-CHW** |
| | : | **28 U.S.C. § 2241** |
| **IMMIGRATION AND CUSTOMS ENFORCEMENT,** | : | |
| | : | |
| | : | |
| **Respondent.** | : | |

**ORDER AND RECOMMENDATION**

Pending before the Court is Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and motion for expedited review. (ECF No. 2). Petitioner did not submit the required filing fee or motion for leave to proceed *in forma pauperis* ("IFP") with his application. The Clerk, therefore, notified Petitioner of the need to submit the filing fee or an IFP motion within twenty-one (21) days. (Notice of Deficiency, June 22, 2026). Petitioner was also notified that "[f]ailure to comply with this notice may result in dismissal by the court." *Id.* Petitioner did not pay the filing fee or move to proceed IFP.

On September 24, 2026, Petitioner was ordered to show cause within fourteen days why his Petition should not be dismissed for failure to comply. (ECF No. 5). Therein, Petitioner was warned that "[f]ailure to respond will likely result in the dismissal of this action for failure to comply." (*Id.*, p. 2). Like the previous notice provided to Plaintiff, this order was returned to the Court. (ECF No. 6). The Court has received no further correspondence from Petitioner, and Petitioner failed to pay the required filing fee or to file a motion to proceed IFP. It is therefore **RECOMMENED** that this case be **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b) (allowing for involuntary

dismissal for a plaintiff's failure to prosecute or comply with a court order). Based upon this recommendation, the motion for expedited review (ECF No. 2) is **TERMINATED AS MOOT**.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Petitioner is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 5th day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge